NOTICE

Decision filed 07/07/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-09-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| FARMERS AUTOMOBILE INSURANCE ASSOCIATION, | ) Appeal from the<br>) Circuit Court of<br>) Jackson County. |
|     Plaintiff-Appellee, | )<br>) |
| v. | ) No. 08-MR-4<br>) |
| KASSANDRA B. COULSON, | ) Honorable<br>) Kimberly L. Dahlen, |
|     Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE WEXSTTEN delivered the opinion of the court:

This case involves the interpretation of an underinsured-motorist (UIM) provision of an automobile insurance policy issued by the plaintiff, Farmers Automobile Insurance Association (Farmers), to the defendant's stepfather, John Heern. On December 17, 2006, the defendant, Kassandra B. Coulson, was severely injured when a vehicle owned and operated by Robert B. Roy drove through the window of a Subway restaurant, striking Coulson and two other patrons who were inside. Coulson alleged damages in excess of $900,000. Roy's automobile was insured by State Farm, and his policy had bodily injury liability limits of $50,000. State Farm paid $24,000 to Coulson and $26,000 to the other injured patrons. The property owner and the franchisee settled with Coulson for $410,000. At the time of the accident, Coulson was covered as a "family member" under the automobile insurance policy (No. 00V247334) issued by Farmers to Heern (the policy). The policy contained UIM coverage in the amount of $300,000 per person and $500,000 per occurrence. Coulson made a demand for UIM benefits under the policy, but Farmers declined to pay benefits, alleging that the policy contained setoff provisions which entitled Farmers to set off

1

the amount of the payments Coulson received, *i.e.*, $434,000, against the amount of the coverage provided by the policy, *i.e.*, $300,000. To put it another way, Farmers alleged that the most it was obligated to pay was $300,000, minus any amounts paid by others who may be legally responsible for Coulson's bodily injuries. Thus, in this case, Farmers would pay Coulson nothing (*i.e.*, $434,000 is greater than $300,000). A declaratory judgment action was filed, and each party moved for a summary judgment. The trial court granted a summary judgment in favor of Farmers and against Coulson. Coulson appeals. For the following reasons, we reverse and remand.

## STANDARD OF REVIEW

Our review of a summary judgment ruling is *de novo*. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). " 'The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment.' " *Pekin Insurance Co. v. United Parcel Service, Inc.*, 381 Ill. App. 3d 98, 101 (2008) (quoting *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391 (1993)). " 'As in this case, where the parties file cross-motions for summary judgment, they invite the court to decide the issues presented as a matter of law.' " *Pekin Insurance Co.*, 381 Ill. App. 3d at 101 (quoting *Liberty Mutual Fire Insurance Co. v. St. Paul Fire & Marine Insurance Co.*, 363 Ill. App. 3d 335, 339 (2005)).

"An insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies." *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). "Accordingly, our primary objective is to ascertain and give effect to the intention of the parties, as expressed in the policy language." *Hobbs*, 214 Ill. 2d at 17. "If the policy language is unambiguous, the policy will be applied as written, unless it contravenes public policy." *Hobbs*, 214 Ill. 2d at

2

"Conversely, if the terms of the policy are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy." *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479 (1997). "Whether an ambiguity exists turns on whether the policy language is subject to more than one reasonable interpretation." *Hobbs*, 214 Ill. 2d at 17. "Although 'creative possibilities' may be suggested, only reasonable interpretations will be considered." *Hobbs*, 214 Ill. 2d at 17. "Thus, we will not strain to find an ambiguity where none exists." *Hobbs*, 214 Ill. 2d at 17. "Although policy terms that limit an insurer's liability will be liberally construed in favor of coverage, this rule of construction only comes into play when the policy is ambiguous." *Hobbs*, 214 Ill. 2d at 17. "A court must construe the policy as a whole and take into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract." *Koloms*, 177 Ill. 2d at 479. "Finally, the construction of an insurance policy is a question of law subject to *de novo* review." *Koloms*, 177 Ill. 2d at 479-80.

ANALYSIS

Coulson contends that her insurance policy is ambiguous with respect to the setoff provisions and that therefore Farmers is not entitled to set off any amounts received by Coulson from the property owner or the franchisee but is entitled to set off the amounts received from Roy. In other words, Coulson argues that because her insurance policy is ambiguous, she should be entitled to recover $276,000 under the UIM coverage provided by the policy (*i.e.*, the $300,000 policy limit minus the $24,000 paid by State Farm equals $276,000), without any setoff for the $410,000 paid by the property owner and the franchisee, resulting in a potential award of up to $710,000 (*i.e.*, $410,000 plus $24,000 plus $276,000 equals $710,000). Coulson first contends that the policy is ambiguous because form 1061, a notice regarding uninsured and UIM coverage that was sent with the original policy, is a part of the policy and makes it ambiguous. We decline to address whether form

3

1061 was a part of the policy and whether that form made the policy ambiguous, because we find that allowing Farmers to set off the amounts paid by the property owner and the franchisee would violate Illinois public policy.[1] Nevertheless, were we to decide this issue, it would appear that this notice was not a part of the policy for, among other reasons, it was not indicated as such on the declarations page. See *Farmers Automobile Insurance Ass'n v. Rowland*, 379 Ill. App. 3d 696, 699 (2008) ("The quoted language does no more than inform the policyholder that the policy may provide [uninsured-motorist] coverage").

The setoff provision at issue provides, in relevant part, "[T]he limit of liability for this coverage shall be reduced by all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." As mentioned above, the policy at issue here contains a UIM limit of liability of $300,000 per person; this is the maximum amount that Farmers would have to pay in this case. The trial court found that the language of the policy clearly contained a setoff provision allowing Farmers to reduce the amounts payable under the policy's UIM provision by all the sums paid by or on behalf of persons or organizations who may be legally responsible. Based on that finding, the trial court concluded that because Coulson received in excess of $300,000, there was no gap between the amount of the payments received by Coulson and the amount of the UIM coverage and that therefore Coulson could recover nothing from Farmers. We conclude that the trial court erred in deducting the $410,000 paid by the property owner and the franchisee, because it violated Illinois public policy.

---

[1]We acknowledge that this issue was not raised by the parties, but a "reviewing court need not ignore grave errors of law which the parties on appeal either overlook or decline to address." *People v. Cortes*, 181 Ill. 2d 249, 282 (1998). In fact, we have a responsibility to reach a just result and to set a sound and uniform body of precedent, particularly when the issues involve matters of law. *Hux v. Raben*, 38 Ill. 2d 223, 225 (1967).

4

In *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272 (1992), a decision involving two cases consolidated on appeal, each plaintiff was injured while she was a passenger in an uninsured motor vehicle whose driver collided with another vehicle. The drivers of the other vehicles each had bodily injury policy limits of $100,000, and this amount was paid to each of the plaintiffs. Each plaintiff alleged that she suffered damages in excess of the $100,000 paid to her, and each plaintiff filed a claim against her insurer, seeking the $100,000 policy limits under the UIM coverage. The UIM policies included a setoff provision that provided, " 'Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the insured: a. by or for any person or organization who is or may be held legally liable for the bodily injury to the insured ***.' " *Hoglund*, 148 Ill. 2d at 275. The insurer argued that this provision supported a setoff in each case because of the $100,000 bodily injury limits recovered from each of the drivers of the insured automobiles. The court disagreed, finding, "[T]he meaning of the setoff provisions at issue both in the statute and in the policies *** is to prevent a double recovery by the insured." *Hoglund*, 148 Ill. 2d at 277.

The court noted that under a literal interpretation of the policy language, the uninsured-motorist coverage would be reduced by any amount paid the insured by any party, but the court concluded that its analysis did not end there. *Hoglund*, 148 Ill. 2d at 278. Rather, the court reasoned that it could not ignore that a premium had been paid for uninsured-motorist protection and that allowing the insurer to set off the $100,000 paid by the other driver would frustrate the public policy of placing the injured party in the same position as if the uninsured driver had been insured pursuant to the uninsured-motorist statute. The court continued as follows:

"Additionally, the insurance policies at issue were intended to provide coverage for damages caused by uninsured motorists. To allow a literal interpretation of the policy

5

language would nullify the coverage intended by the policies. Further, to endorse [the insurer's] interpretation of the setoff provision would deny the policyholder substantial economic value in return for the payment of premiums. That is to say, the insured would be denied the very insurance protection against uninsured motorists for which he had paid premiums. Thus, because the setoff provision at issue is subject to a second reasonable interpretation when viewed in light of the above extrinsic evidence, the provision is ambiguous. Under Illinois law, any ambiguity in an insurance policy must be construed in favor of coverage for the insured. [Citation.]" *Hoglund*, 148 Ill. 2d at 280.

Therefore, the court concluded that the insurer was entitled to a setoff for uninsured-motorist coverage only to the extent necessary to prevent a double recovery. *Hoglund*, 148 Ill. 2d at 280-81. We find the analysis in *Hoglund* helpful to our analysis of the case at hand.

The setoff provision in *Hoglund* and the one in this case are essentially the same, with the exception that one was for uninsured-motorist coverage and the other is for UIM coverage. Nonetheless, each casts a wide net for the amounts that an insurer may deduct from uninsured-motorist and UIM liability limits, *i.e.*, any amounts paid by any person or organization who may be legally responsible. We find that this net is too broad, against Illinois public policy, and against what the legislature intended to be allowed to be deducted under the Illinois Insurance Code (215 ILCS 5/1 *et seq.* (West 2004)).

As in *Hoglund*, if we gave the setoff provision at issue here its literal interpretation, the trial court would have been correct in determining that Farmers owed nothing under the UIM provision. Like in *Hoglund*, however, our analysis does not stop there. If we allowed Farmers to deduct the amounts paid to Coulson by the property owner and the franchisee of the Subway restaurant, this would frustrate the public policy of placing Coulson in the same position as if Roy, the UIM, had been fully insured. See *Sulser v. Country Mutual Insurance*

6

*Co.*, 147 Ill. 2d 548, 555 (1992) (recognizing that the purpose behind UIM coverage is the same as for uninsured-motorist coverage–"to place the insured in the same position he would have occupied if the tortfeasor had carried adequate insurance"). This is true because the liability of the property owner and the franchisee is totally independent from the UIM's liability. Moreover, even if Roy had been fully insured, Coulson could have still recovered against the property owner and the franchisee for her damages (provided there was no double recovery). Thus, as in *Hoglund*, to allow Farmers to deduct the amounts paid that are unrelated to the UIM would deny Coulson the very protection against UIMs for which her stepfather had paid premiums. To state it another way, Coulson's stepfather paid premiums to have UIM coverage in the amount of $300,000 per person. Roy was a UIM, having liability limits of $50,000 but paying only $24,000 to Coulson. Thus, Coulson could recover from Farmers under her stepfather's UIM policy up to $276,000 (*i.e.*, $300,000 minus $24,000 equals $276,000). The property owner and the franchisee were not UIMs, and it is irrelevant to the amount Farmers could deduct from its UIM liability limit, so long as there is no double recovery by Coulson. This is consistent with other Illinois Appellate Court cases that have addressed similar circumstances.

In *King v. Allstate Insurance Co.*, 269 Ill. App. 3d 190 (1994), the plaintiff was injured when he was involved in a two-car accident while riding his bicycle. Both of the at-fault drivers had car insurance, one with a limit for bodily injury liability of $100,000 per person and the other with a $20,000-per-person limit. The plaintiff received the limits of both drivers' policies, *i.e.*, $120,000. The plaintiff, however, also had an insurance policy that provided for UIM coverage in the amount of $50,000 per person. The policy contained a setoff provision that provided as follows: " 'Damages payable will be reduced by: (a) all amounts paid by or on behalf of the owner or operator of the uninsured auto or anyone else responsible.' " *King*, 269 Ill. App. 3d at 191. The plaintiff claimed that he was entitled to

7

the full amount of his UIM coverage, *i.e.*, $50,000, without a setoff for the amounts he received from the other policies. The insurer denied coverage, claiming that the plaintiff's policy was subject to setoffs of $20,000 and $100,000 for the payments from the other policies. The trial court granted a summary judgment in favor of the insurer.

On appeal, the plaintiff contended that under the public policy of the State of Illinois, as announced in *Hoglund*, the insurer could only set off the amounts received from other insurance policies against his UIM coverage to the extent necessary to prevent a double recovery. He argued that because he had not been fully compensated for his injuries, he would not receive a double recovery if he received the limits of his UIM coverage. The insurer responded that *Hoglund* only applied to uninsured-motorist coverage. The court disagreed, concluding that under *Hoglund* the insurer could only set off the amounts received from other policies to the extent necessary to prevent a double recovery and that under *Sulser*, a supreme court decision holding that workers' compensation payments may be deducted from benefits received under a UIM policy, an insured may not recover more than the amount he carried for UIM coverage as a result of an accident with a UIM. *King*, 269 Ill. App. 3d at 195. Thus, the court concluded that the maximum the plaintiff could recover from the insurer under his UIM coverage was $30,000 ($50,000 UIM coverage minus $20,000 received from the UIM equals $30,000). *King*, 269 Ill. App. 3d at 195; see also *Hall v. Burger*, 277 Ill. App. 3d 757, 763 (1996) (concluding that the insurer should not be allowed to deduct the amounts paid by both underinsured tortfeasors, based on both the language of the insurance policy and public policy); *Gibbs v. Madison Mutual Insurance Co.*, 242 Ill. App. 3d 147, 154-57 (1993) (concluding that the insurer was entitled to a setoff under the UIM provisions for the $30,000 paid by the UIM's insurance company, but not for any other setoffs, including the amounts it paid under the insured's bodily injury liability section, because the recovery under the liability coverage was separate and distinct from the

recovery under the UIM coverage).

Here, the maximum amount Coulson can recover under the UIM coverage is $276,000 because State Farm paid $24,000 on behalf of the UIM. The amounts that were not paid on behalf of the UIM cannot be deducted from the amount Farmers could potentially have to pay. Whether Coulson can recover the full $276,000 from Farmers depends on the total extent of Coulson's damages, which have not yet been determined.

We find that this is also in accord with the legislature's intent under the Illinois Insurance Code (215 ILCS 5/1 *et seq.* (West 2004)). "When an insurance policy is issued, applicable statutory provisions in effect at the time are treated as part of the policy." *Chester v. State Farm Mutual Automobile Insurance Co.*, 227 Ill. App. 3d 320, 327 (1992). Section 143a–2(4) of the Illinois Insurance Code (215 ILCS 5/143a–2(4) (West 2004)) defines an "underinsured motor vehicle" as one "whose ownership, maintenance[,] or use has resulted in bodily injury or death of the insured *** and for which the sum of the limits of liability under all bodily injury liability insurance policies or under bonds or other security" maintained by the person responsible for the vehicle is less than the limits of UIM coverage provided the insured under his policy at the time of the accident. Section 143a–2(4) then provides the following with regard to the insured's liability: "The limits of liability for an insurer providing [UIM] coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies, bonds[,] or other security maintained on the underinsured motor vehicle." 215 ILCS 5/143a–2(4) (West 2004).

Under section 143a–2(4), UIM coverage is limited by the amounts "*maintained on the underinsured motor vehicle*." (Emphasis added.) 215 ILCS 5/143a–2(4) (West 2004). Thus, under section 143a–2(4), in effect when the policy was issued and therefore a part of the policy, the only amounts deductible from the UIM coverage are those amounts paid on behalf

of the underinsured motor vehicle.  In this case, that amount would be the $24,000 paid by State Farm and not the amounts paid in settlement by the property owner and the franchisee. *Cf. Sulser*, 147 Ill. 2d at 558 ("Since we have determined that a setoff of workers' compensation benefits is not contrary to public policy, we hold that, because the Sulsers have received $50,000 from the tortfeasor's insurance coverage and $50,000 from workers' compensation, Country Mutual has no obligation to them under the [$100,000 UIM] policy").

CONCLUSION

For the foregoing reasons, the judgment of the Jackson County circuit court is reversed, and this cause is remanded for further proceedings consistent with this opinion. At that point, either party may make a written demand for arbitration on the amount of Coulson's damages.

Reversed; cause remanded.

GOLDENHERSH, P.J., and SPOMER, J., concur.

NO. 5-09-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| FARMERS AUTOMOBILE INSURANCE ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Jackson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08-MR-4 |
| KASSANDRA B. COULSON, | ) ) ) | Honorable Kimberly L. Dahlen, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed**: July 7, 2010

**Justices**:      Honorable James M. Wexstten, J.,

Honorable Richard P. Goldenhersh, P.J., and
Honorable Stephen L. Spomer, J.,
Concur

**Attorney for Appellant**      Samuel W. Panos, 16141 Swingley Ridge Road, Suite 110, St. Louis, MO 63017

**Attorneys for Appellee**      Robert Marc Chemers, Heather E. Plunkett, Pretzel & Stouffer, Chtd., One South Wacker Drive, Suite 2500, Chicago, IL 60606