NOTICE
Decision filed 06/14/16. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2016 IL App (5th) 150325

NO. 5-15-0325

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| DEBORAH DeSTEFANO, as Mother and Next Friend of Caroline DeStefano, a Minor, and DEBORAH DeSTEFANO, Individually, | ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 11-MR-226 |
| | ) | |
| FARMERS AUTOMOBILE INSURANCE ASSOCIATION, | ) ) | |
| | ) | Honorable |
| | ) | John B. Barberis, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Presiding Justice Schwarm and Justice Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    This case arises out of a demand for underinsured motorist (UIM) benefits by plaintiff, Deborah DeStefano, as mother and next friend of Caroline DeStefano, a minor, against defendant, Farmers Automobile Insurance Association (Farmers), incorrectly sued as Pekin Insurance Company. Plaintiff filed this declaratory judgment action in the circuit court of Madison County after her daughter, who was operating a Honda motorcycle, was struck by a motor vehicle operated by a rural United States postal

1

worker, Donald Sprinot, as she crossed the family's driveway on August 28, 2010. The accident was due to the negligence of Mr. Sprinot, who had a single limit policy of $25,000, through Progressive Insurance Company (Progressive). Progressive paid its policy limit of $25,000 to plaintiff. Plaintiff maintained a $100,000 UIM policy with defendant and made a demand on defendant for the balance of the underinsured limits of $75,000.

¶ 2 The parties stipulated to the facts. They agreed, *inter alia*, that Mr. Sprinot was negligent when, acting as a rural mail carrier, he drove his 2001 GMC Jimmy pickup truck off the public road and "traversed onto the driveway of the DeStefano property" striking Caroline as she rode a motorcycle on the family's driveway. Farmers did not contest coverage under the underinsured motorist provision issued to Caroline's father, Patrick, but during the stipulated bench trial asserted it was entitled not only to a $25,000 setoff paid by Progressive, but also a $49,900 setoff paid by the United States in exchange for a release of plaintiff's claims against the United States and its agents and employees.

¶ 3 It is uncontested that the claimed damages exceed all available underinsured motorist coverage, even if credits are allowed for the payment made by the United States. Ultimately, the trial court entered judgment in favor of plaintiff and against Farmers in the amount of $75,000, finding Farmers is not entitled to set off the money paid by the United States to plaintiff. The only issue raised in this appeal is whether the trial court erred in entering judgment in favor of plaintiff in the amount of $75,000. We affirm.

¶ 4                              ANALYSIS

¶ 5     There is disagreement between the parties as to the standard of review to be applied. Farmers contends review is *de novo* while plaintiff asserts the correct standard of review is abuse of discretion because the trial court drew inferences and made credibility determinations. We agree with Farmers that review is *de novo.*

¶ 6     The construction of an insurance policy presents a question of law which is subject to *de novo* review. *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479-80, 687 N.E.2d 72, 75 (1997). "A court must construe the policy as a whole and take into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract." *Koloms*, 177 Ill. 2d at 479, 687 N.E.2d at 75. Moreover, where, as here, the question is a legal conclusion to be drawn from a given set of facts, and witness credibility is not at issue, review is *de novo. Independent Trust Corp. v. Hurwick*, 351 Ill. App. 3d 941, 952, 814 N.E.2d 895, 905 (2004).

¶ 7     In the instant case, the only question is whether Farmers is entitled to a $49,900 setoff. The parties stipulated to the facts, and the trial court made a legal conclusion, which we review *de novo.* While we agree with Farmers as to the standard of review to be applied, we do not agree with Farmers' argument regarding setoff.

¶ 8     Farmers argues it is entitled to a setoff of not only the $25,000 Progressive paid to plaintiff, but also the $49,900 the United States paid to plaintiff, making the maximum amount recoverable by plaintiff under the UIM provision of its policy $25,100. According to Farmers, both the $25,000 paid by Progressive and the $49,900 paid by the United States were paid on behalf of the underinsured motorist, Mr. Sprinot, which

3

allows Farmers to deduct those amounts from its UIM limit. Plaintiff responds that Farmers is not entitled to reduce from its UIM limits the $49,900 paid to plaintiff by the United States because the United States was extinguishing its own, independent liability from that of Mr. Sprinot through its $49,900 settlement.

¶ 9    Both parties rely on *Farmers Automobile Insurance Ass'n v. Coulson*, 402 Ill. App. 3d 779, 931 N.E.2d 1257 (2010), in support of their respective positions; however, we find *Coulson* supports plaintiff's position rather than Farmers'. In *Coulson*, the plaintiff was severely injured when a vehicle owned and operated by Robert Roy drove through the window of a Subway restaurant and struck the plaintiff and two other patrons who were eating there. 402 Ill. App. 3d at 779, 931 N.E.2d at 1258. The plaintiff alleged damages in excess of $900,000. Roy was insured by State Farm and had bodily injury liability limits of $50,000. State Farm paid $24,000 to the plaintiff and $26,000 to the other injured patrons. The property owner and franchisee settled with the plaintiff for $410,000. At the time of the accident, the plaintiff was a "family member" covered under her stepfather's automobile insurance policy with Farmers, which contained the exact same UIM provision at issue here, but provided UIM coverage in the amount of $300,000 per person and $500,000 per occurrence. 402 Ill. App. 3d at 779-80, 931 N.E.2d at 1258.

¶ 10    The plaintiff made a demand for UIM benefits, but Farmers declined to pay benefits. Farmers alleged the policy contained setoff provisions which entitled Farmers to set off the $434,000 the plaintiff had already received against the $300,000 in UIM coverage provided under the Farmers policy, meaning Farmers would pay the plaintiff nothing. 402 Ill. App. 3d at 780, 931 N.E.2d at 1258. We disagreed with Farmers'

4

assertion and found "the only amounts deductible from the UIM coverage are those amounts paid on behalf of the underinsured motor vehicle" which in that case constituted "the $24,000 paid by State Farm and not the amounts paid in settlement by the property owner and the franchisee." 402 Ill. App. 3d at 786, 931 N.E.2d at 1263-64. We specifically explained:

> "[The plaintiff's] stepfather paid premiums to have UIM coverage in the amount of $300,000 per person. Roy was a UIM, having liability limits of $50,000 but paying only $24,000 to [the plaintiff]. Thus, [the plaintiff] could recover from Farmers under her stepfather's UIM policy up to $276,000 (*i.e.*, $300,000 minus $24,000 equals $276,000). The property owner and the franchisee were not UIMs, and it is irrelevant to the amount Farmers could deduct from its UIM liability limit, so long as there is no double recovery by [the plaintiff]. This is consistent with other Illinois Appellate Court cases that have addressed similar circumstances." 402 Ill. App. 3d at 784, 931 N.E.2d at 1262.

While Farmers insists that here the $49,900 paid by the United States was paid on behalf of the UIM, Mr. Sprinot, the stipulations between the parties belie that assertion and support plaintiff's argument that in paying $49,900, the United States was extinguishing its own liability independent of Mr. Sprinot's.

¶ 11 First, paragraph 18 of the stipulation of facts specifically states:

> "At all times mentioned herein, there were in existence certain rules and regulations governing rural route carrier's delivery of parcels onto private

5

property. Plaintiff contends that the failure to enforce these rules, and the failure to formulate others, was a proximate cause of the plaintiff's injuries."

Second, the "Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Pursuant to 28 U.S.C. § 2677" entered into between the United States and plaintiff specifically states that by paying $49,900, the United States was extinguishing *ALL* liability. Paragraph 2 of the stipulation states:

"The United States of America agrees to pay the sum of $49,900.00, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any and all claims of any kind for which plaintiff or plaintiff's guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees."

Under these circumstances, where by payment of $49,900, the Unites States extinguished all liability in conjunction with the August 28, 2010, accident, Farmers is not entitled to a UIM setoff in that amount.

¶ 12    Farmers also asserts the application of the setoff provision in the instant case does not frustrate the public policy of the UIM statute. We disagree. If we allowed Farmers to deduct the amount paid by the United States to plaintiff, we would frustrate the public policy behind UIM coverage, which is to place the insured in substantially the same

6

position he would have occupied if the tortfeasor carried adequate insurance. *Coulson*, 402 Ill. App. 3d at 783-84, 931 N.E.2d at 1262 (citing *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555, 591 N.E.2d 427, 429 (1992)).

¶ 13    Here, plaintiff's father paid premiums for $100,000 of UIM coverage. The parties agree plaintiff's damages exceed $149,900. It is clear plaintiff will never be fully compensated for her damages; however, if we accept Farmers' argument, plaintiff will be in a substantially worse financial situation, and Farmers will only be required to pay $25,100, even though it collected premiums for $100,000 worth of UIM coverage. To allow Farmers to offset against its UIM limits the amount paid by the United States to extinguish its own liability would frustrate the public policy of placing plaintiff in the same position as if Mr. Sprinot was fully insured.

¶ 14                                    CONCLUSION

¶ 15    Taking into account Progressive paid Mr. Sprinot's policy limits of $25,000, we find plaintiff is entitled to recover $75,000 of the $100,000 under the UIM coverage provided by Farmers. Farmers cannot deduct the $49,900 paid by the United States to extinguish its liability. Accordingly, we find the trial court did not err in entering judgment in favor of plaintiff and against Farmers in the amount of $75,000.

¶ 16    For the foregoing reasons, we hereby affirm the judgment of the circuit court of Madison County.


¶ 17    Affirmed.

7

2016 IL App (5th) 150325

NO. 5-15-0325

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| DEBORAH DeSTEFANO, as Mother and Next Friend of Caroline DeStefano, a Minor, and DEBORAH DeSTEFANO, Individually, | ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 11-MR-226 |
| | ) | |
| FARMERS AUTOMOBILE INSURANCE ASSOCIATION, | ) ) | Honorable |
| | ) | John B. Barberis, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**Opinion Filed:** June 14, 2016

_____

**Justices:** Honorable Richard P. Goldenhersh, J.

Honorable S. Gene Schwarm, P.J., and
Honorable Judy L. Cates, J.,
Concur

_____

**Attorneys**
**for**
**Appellant**

Robert Marc Chemers, Richard M. Burgland, Pretzel & Stouffer, Chartered, One South Wacker Drive, Suite 2500, Chicago, IL 60606

_____

**Attorney**
**for**
**Appellee**

Lanny Darr, Darr Firm, 307 Henry Street, Suite 406, P.O. Box 940, Alton, IL 62002

_____