AUTO-OWNERS INSURANCE COMPANY, Plaintiff-Appellant, v. MILWAUKEE MUTUAL INSURANCE COMPANY, Defendant-Appellee (Richard Wardynski *et al.*, Defendants).

First District (5th Division)   No. 87—1132

Opinion filed December 24, 1987.

Tribler & Marwedel, P.C., of Chicago (Willis R. Tribler and Dion J. Sartorio, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Richard M. Clark, and Christine L. Olson, of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff, Auto-Owners Insurance Company, appeals from an order dismissing its complaint for declaratory judgment against defendant, Milwaukee Mutual Insurance Company, for failure to state a cause of action. We affirm.

Plaintiff's action arose out of an automobile accident which occurred on March 26, 1983. Mary Jo Wardynski was driving an automobile owned by Wesley Provost, in which Wesley Provost and Clayton Provost were passengers. Mary Jo Wardynski was covered under an insurance policy issued by Auto-Owners Insurance Company to her father, Richard Wardynski; the Provost vehicle was insured by Milwaukee Mutual Insurance Company. Although Milwaukee Mutual was notified of the accident a few days after it happened, Auto-Owners was not notified until Judith Provost filed an action on March 15, 1985, against Mary Jo Wardynski to recover damages for the death of Wesley Provost and for injuries sustained by Clayton Provost.

On July 28, 1986, Auto-Owners filed a two-count complaint for declaratory judgment against Milwaukee Mutual, Richard Wardynski, Mary Jo Wardynski and Judith Provost.[1] Count I alleged that Milwaukee Mutual owed a duty of good faith and fair dealing to Auto-Owners which it breached by failing to advise Auto-Owners of the accident and by investigating the accident improperly. Auto-Owners sought a declaration that Milwaukee Mutual was the sole insurance carrier providing coverage to Mary Jo Wardynski, that Milwaukee Mutual was totally responsible for any judgment returned against her and that Auto-Owners had no duty to defend or indemnify any person or corporation as to any claims arising out of the accident. Count II alleged that Auto-Owners had no duty to defend or indemnify the Wardynskis because they had breached their insurance contract with Auto-Owners by failing to give prompt notice of the accident to Auto-Owners.

Milwaukee Mutual moved to dismiss count I, arguing that it did

---

[1]Provost was named as a defendant "solely to assure that any judgment entered herein is binding upon her as the underlying claimant."

not state a cause of action and was premature because Auto-Owners had not paid any amounts on behalf on its insured in the Provost lawsuit. The court granted the motion, stating that no duty of good faith and fair dealing exists in the situation of coincidental insurance carriers. This appeal followed.

Upon our review of the record, we believe that Auto-Owners' complaint for declaratory judgment against Milwaukee Mutual was premature and was properly dismissed. A declaratory judgment may be sought where there is an "actual controversy." (Ill. Rev. Stat. 1985, ch. 110, par. 2—701(a).) In *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 362 N.E.2d 298, the supreme court explained the requirement of an actual controversy:

> " 'Actual' in this context does not mean that a wrong must have been committed and injury inflicted. Rather, it requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. [Citations.] The case must, therefore, present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. [Citations.]" 66 Ill. 2d at 375.

The issues Auto-Owners seeks to litigate in count I of its declaratory judgment action are premature because there has been no determination of liability or damages in the action Judith Provost filed against Mary Jo Wardynski. (*Batteast v. Argonaut Insurance Co.* (1983), 118 Ill. App. 3d 4, 6, 454 N.E.2d 706.) We note further that Auto-Owners is defending Wardynski under a reservation of rights. If Auto-Owners prevails in count II of its complaint for declaratory relief, and the court finds that the Wardynskis breached their insurance contract by not promptly advising Auto-Owners of the accident, Auto-Owners will be under no duty to defend or indemnify them.

We believe that count I of the complaint for declaratory judgment was premature and was properly dismissed. Accordingly, we affirm the circuit court's dismissal of count I but without prejudice to Auto-Owners' right to refile that count once the issues presented therein become ripe for adjudication.

Affirmed.

PINCHAM and MURRAY, JJ., concur.