18 April 2000

No. 2--99--0504

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

AMERICAN FAMILY MUTUAL ) Appeal from the Circuit Court

INSURANCE COMPANY, ) of Winnebago County.

                                )

     Plaintiff-Appellant,       )

                                )  

v. ) No. 98--MR--99

)

BETTY J. MARTIN, as Special     )

Adm'r of the Estate       )

of Timothy E. Martin, Deceased, )  Honorable 

) J. Todd Kennedy, 

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, American Family Mutual Insurance Company, appeals the trial court's order granting summary judgment to defendant, Betty J. Martin as special administrator of the estate of Timothy E. Martin.  The court declared that defendant may recover underinsured motorist benefits under each of two policies issued by plaintiff.  Plaintiff argues that the court erred by failing to apply unambiguous clauses in both policies that prohibit the stacking of underinsured motorist benefits.

Timothy Martin was killed by a car driven by Jason Theisman.  Defendant was appointed the special administrator of her son's estate.  With plaintiff's approval, she settled with Theisman's insurer for $25,000, the limit of liability under Theisman's policy.

Plaintiff issued two insurance policies to defendant, one covering a Dodge Spirit and one covering a Chrysler LeBaron.  Each policy provided $100,000 per person of underinsured motorist coverage.  Both policies contain the following provision:

"3.  Two or More Cars Insured.  The total limit of our liability under all policies issued to you by us shall not exceed the highest limit of liability under any one policy."

The policies also provide that the limit of liability for each person is "the maximum for all damages sustained by all persons as the result of bodily injury to one person in any one accident."  Accordingly, plaintiff would not pay "more than these maximums no matter how many vehicles are described in the declarations, insured persons, claims, claimants or policies or vehicles are involved in the accident."  The policies also contain a clause entitled "Other Insurance" that provides as follows:

"If there is other similar insurance on a loss covered by this endorsement, we will pay our share according to this policy's proportion of the total limits of all similar insurance."

After deducting the $25,000 defendant received from Theisman's insurer, plaintiff paid defendant $75,000 pursuant to the underinsured motorist provisions of the Spirit policy.  Plaintiff also paid $20,000 for medical expenses.  The latter amount represents the combined medical-expense limits of both policies.

Defendant demanded an additional $100,000 of underinsured motorist coverage from the LeBaron policy, claiming that she was entitled to stack the coverage limits of the two policies.  Plaintiff denied this claim and subsequently filed the present action.  Plaintiff sought a declaration that defendant could not stack the policies' coverages and that its payment of $75,000 satisfied its obligations under both policies.

The trial court granted summary judgment to defendant, finding that the "two or more cars insured" clause conflicted with the "other insurance" clause to create an ambiguity.  The court held that $75,000 (allowing an additional setoff for the $25,000 received from Theisman's insurer) under the LeBaron policy was subject to arbitration.  The court denied both parties' motions to reconsider, and plaintiff perfected this appeal.

On appeal, plaintiff argues that its antistacking provision is clear and unambiguous and does not violate public policy.  Therefore, the court erred by not enforcing it.

Summary judgment is proper when the pleadings, depositions, and admissions on file, together with the affidavits, if any, reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2--1005(c) (West 1998); 
American Family Mutual Insurance Co. v. Hinde
, 302 Ill. App. 3d 227, 231 (1999).  We review 
de novo
 an order granting summary judgment.  
Harris Bank v. City of Geneva
, 278 Ill. App. 3d 738, 741 (1996).

The construction of an insurance policy is a question of law that this court reviews 
de novo
 with the purpose of ascertaining the parties' intent.  
Smagala v. Owen
, 307 Ill. App. 3d 213, 217 (1999); 
Kopier v. Harlow
, 291 Ill. App. 3d 139, 141 (1997).  When determining whether an ambiguity exists, a court must read a provision in its factual context.  
Pahn v. State Farm Mutual Automobile Insurance Co.
, 291 Ill. App. 3d 343, 345 (1997).  If policy language is unambiguous, we must discern the parties' intent directly from that language without resorting to rules of construction, unless to do so would violate public policy.  
Kopier
, 291 Ill. App. 3d at 141.

In 
Grzeszczak v. Illinois Farmers Insurance Co.
, 168 Ill. 2d 216 (1995), the supreme court held that an antistacking provision nearly identical to the one at issue was unambiguous and did not violate public policy.  The clause there provided:

" 'With respect to any accident or occurrence to which this and any other auto policy issued to you by any member company of the Farmers Insurance Group of Companies applies, the total limit of liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.' "  
Grzeszczak
, 168 Ill. 2d at 220-21.

The court held that this language unambiguously provided that the insured could not stack underinsured motorist coverages of multiple policies.  
Grzeszczak
, 168 Ill. 2d at 229; see also 
Bruder v. Country Mutual Insurance Co.
, 156 Ill. 2d 179, 186 (1993) (holding similar provision unambiguous); 
Menke v. Country Mutual Insurance Co.
, 78 Ill. 2d 420, 424 (1980) (same).

Defendant argues that 
Grzeszczak
 is distinguishable because the relevant policy language in that case "specifically identified the policies to which it referred."  The relevant policy language in 
Grzeszczak
 referred to "this and any other auto policy issued to you by any member company of the Farmers Insurance Group of Companies."  The policy at issue here refers to "all policies issued to you by us."  We fail to see a relevant distinction between these phrases.  Defendant does not dispute that "you" refers to the policyholder and "us" refers to American Family.  That the policy language in 
Grzeszczak
 referred to the insurance company by name does not render that case inapplicable.

Defendant's primary contention appears to be that the "other insurance" clause in plaintiff's policy renders the policy as a whole ambiguous.  According to defendant, the other insurance clause does not define "other insurance" and it could conceivably be read as referring to another policy issued by plaintiff.  Under this construction, the total limits of all insurance available in this case would be $200,000, the combined limits of the two underinsured motorist coverages.  Because both policies were issued by plaintiff, its proportional share would be 100%, or $200,000.

We cannot accept defendant's construction of the policy.  The "two or more cars insured" provision clearly covers situations  where two or more cars belonging to the same insured are covered by 

policies issued by plaintiff.  It unambiguously provides that in that case plaintiff's total liability will not exceed the highest liability limit under any one policy.  Read in this context, the other insurance clause refers only to a situation where a different policy issued by a different company applies.  If this provision were intended to refer to other policies issued by plaintiff, there would be no need to refer to a proportionate share; plaintiff's proportionate share of liability would always be 100%.  Moreover, reading the other insurance clause in this fashion would render the antistacking provision meaningless.  The other insurance clause would always "trump" the antistacking provision, rendering it nugatory.  Each clause applies to a different situation, and the antistacking clause is simply not ambiguous.

Defendant argues that plaintiff is estopped from contesting coverage because it paid defendant the limits of medical expense coverage under both policies.  We disagree.  A payment under one coverage does not waive the right to contest liability under a separate coverage.  
Universal Underwriters Insurance Co. v. State Farm Automobile Insurance Co.
, 128 Ill. App. 3d 696, 699 (1984).

Defendant also contends that the "premium rule" mandates that she should be allowed a double recovery.  The premium rule in essence assumes that the parties did not intend that the insured would pay multiple premiums for identical coverage.  Defendant argues that because she paid separate premiums for the two policies, she should be able to stack the coverage limits.

Grzeszczak
 rejected this argument.  The court explained that the premium rule is a rule of construction to aid in construing ambiguous provisions.  It may not be used, however, to create an ambiguity where none exists.  
Grzeszczak
, 168 Ill. 2d at 229; see also 
Bruder
, 156 Ill. 2d at 185.  Because the provision at issue here is not ambiguous, the premium rule does not aid defendant.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded with directions to enter judgment for plaintiff.

Reversed and remanded with directions.

McLAREN and HUTCHINSON, JJ., concur.