NANCY M. KAPINUS, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—99—0884

Opinion filed October 26, 2000.

Laird M. Ozmon, of Laird M. Ozmon, Ltd., of Joliet, for appellant.

Michael Resis and Thomas P. Scherschel, both of O'Hagan, Smith & Amundsen, L.L.C., of Geneva, for appellee.

JUSTICE HOMER delivered the opinion of the court:

The plaintiff, Nancy M. Kapinus, brought a declaratory judgment action in the circuit court of Will County against the defendant, State Farm Mutual Automobile Insurance Company (State Farm). The plaintiff owned State Farm policies on two vehicles when she was injured in an accident in 1998. She sought a declaration limiting the aggregate setoff under the underinsured motorist clauses of the two policies to $50,000, the amount paid by the underinsured driver. Both parties filed motions for summary judgment. The trial court granted State Farm's motion. The plaintiff appeals, and we affirm.

## FACTS

In her complaint, the plaintiff alleged that on April 4, 1998, she was insured by two State Farm policies, each providing underinsured motorist coverage limits of $100,000 per person and $300,000 per accident. On that date, she was injured in an automobile accident caused by the negligence of Richard L. Pope. Pope was insured by Guidant Insurance Company with a policy providing bodily injury liability limits of $50,000 per person and $100,000 per accident. Guidant tendered its $50,000 limit.

Both of the plaintiff's policies contain provisions defining the insurer's liability for underinsured motorist coverage. These provisions provide, in relevant part, as follows:

"The most we will pay any one *insured* is ***:

a. the difference between the 'each person' limit of this coverage and the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury*." (Emphasis in original.)

State Farm agreed to "stack" the policies. It then issued the plaintiff two separate payments of $50,000, after subtracting the $50,000 paid by Guidant from the $100,000-per-person underinsured motorist coverage limit of each State Farm policy. The plaintiff filed suit asking the court to declare that State Farm was allowed a single $50,000 setoff, thereby entitling the plaintiff to an aggregate sum of $150,000 from State Farm.

On cross-motions for summary judgment, the trial court ruled that (1) the underinsured motorist clauses of the State Farm policies were not ambiguous with respect to setoffs for amounts paid by third-party tortfeasors; (2) no ambiguities were created when reading the policy provisions in connection with the Illinois Insurance Code (Code) (215 ILCS 5/1 *et seq.* (West 1998)); and (3) no public policy of this state would be violated by allowing State Farm a $50,000 setoff against each of the plaintiff's policies. Accordingly, the court granted State Farm's summary judgment motion and denied the plaintiff's. The plaintiff appeals.

## ISSUES AND ANALYSIS

■ In construing the language of an insurance policy, a court must ascertain and give effect to the intention of the parties as expressed in their agreement. *State Farm Mutual Automobile Insurance Co. v. Villicana*, 181 Ill. 2d 436, 441, 692 N.E.2d 1196, 1199 (1998). To that end, terms utilized in the policy are accorded their plain and ordinary meaning and those terms will be applied unless such application contravenes public policy. *Villicana*, 181 Ill. 2d at 441-42, 692 N.E.2d at 1199. In addition, a court must read the policy as a whole and consider the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract. *Villicana*, 181 Ill. 2d at 442, 692 N.E.2d at 1199.

■ The construction of an insurance policy is a question of law subject to *de novo* review. *Villicana*, 181 Ill. 2d at 441, 692 N.E.2d at 1199. Likewise, our review of a trial court's award of summary judgment is *de novo*. *King v. Allstate Insurance Co.*, 269 Ill. App. 3d 190, 192, 645 N.E.2d 503, 505 (1994).

### I. Illinois Insurance Code

We first consider plaintiff's contention that section 143a—2(4) of the Code creates ambiguities in the computation of an insurer's liability when multiple policies are issued by a single insurer.

■■ It is well settled that, when an insurance policy is issued, applicable statutory provisions in effect at the time are treated as part of the policy. *Chester v. State Farm Mutual Automobile Insurance Co.*, 227 Ill. App. 3d 320, 591 N.E.2d 488 (1992). In presenting her first two arguments, the plaintiff relies on the following language contained in section 143a—2(4) of the Code:

> "The limits of liability for *an insurer* providing underinsured motorist coverage shall be the limits of such coverage, less those amounts *actually recovered* under the applicable bodily injury insurance policies, bonds or other security maintained on the underinsured motor vehicle." (Emphasis added.) 215 ILCS 5/143a—2(4) (West 1998).

### A. "An insurer"

■ The plaintiff argues that the Code's reference to "an insurer" entitled State Farm, as the sole insurer, to a single setoff of the amount recovered from the underinsured motorist ($50,000).

When considering the above-referenced statutory provision in isolation, the plaintiff's position seems reasonable. However, a statute will not be construed as creating ambiguities where they do not exist. See *Obenland v. Economy Fire & Casualty Co.*, 234 Ill. App. 3d 99, 599 N.E.2d 999 (1992). Within the context of the full paragraph of section

143a—2(4), it is apparent that the "limits of liability" provision refers to an insurer's liability on a "per policy" rather than a "per insurer" basis. Section 143a—2(4) defines the term "underinsured motor vehicle" with reference to "the policy" providing underinsured motorist coverage.[1] Read in context, it is clear that the Code limits any one insurer's liability *on each policy* to the limit of underinsured motorist coverage provided *in each policy*, less the amount recovered from the underinsured motorist. Applying the Code to the policies in question, State Farm's liability for underinsured motorist coverage under each policy was $100,000, less $50,000—or a total of $50,000 under each policy. Therefore, the trial court did not err in denying the plaintiff's request for a ruling that State Farm's liability under the two policies was $150,000.

## B. "Actual recovery"

The plaintiff next argues that the term "actually recovered," as used in section 143a—2(4) of the Code, creates an ambiguity in the underinsured motorist coverage provision of her insurance policies. She contends that if "actually recovered" is given its literal meaning, State Farm would be entitled to a single setoff of $50,000.

This argument was considered and rejected in *Chester v. State Farm Mutual Automobile Insurance Co.*, 227 Ill. App. 3d 320, 591 N.E.2d 488 (1992), and *Obenland*, 234 Ill. App. 3d 99, 599 N.E.2d 999. In *Chester*, the plaintiff had underinsured motorist coverage under two policies issued by two insurers. The underinsured motorist paid $25,000. The plaintiff argued that the actual recovery of $25,000 could be deducted only from the excess carrier's coverage. The appellate court disagreed, allowing both State Farm, as the primary insurer, and Worldwide Insurance Group, as the excess insurer, to reduce the limit of their underinsured motorist coverage by $25,000. Citing the statutory provision here at issue, the court explained:

> "[T]he particular limits of any underinsured motorist coverage are established by the difference between the amount recovered by the plaintiff from a bodily injury liability insurance policy and the

---

[1]The section begins as follows:

"For the purpose of this Code the term 'underinsured motor vehicle' means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of the insured, as defined in *the policy*, and for which the sum of the limits of liability under all bodily injury liability insurance policies *** is less than the limits for underinsured coverage provided the insured as defined in *the policy* at the time of the accident." (Emphasis added.) 215 ILCS 5/143a—2(4) (West 1998).

stated limit for the underinsured motorist coverage." *Chester*, 227 Ill. App. 3d at 327, 591 N.E.2d at 493.

The same result was reached by the court in *Obenland*, 234 Ill. App. 3d at 107-12, 599 N.E.2d at 103-05.

We hold that the Code does not require a different result in this case merely because the two policies in question here were issued by the same insurer. Accordingly, we affirm the trial court's ruling declaring that no ambiguities were created by reading the terms of State Farm's policies in connection with the Code.

## II. Public Policy

The plaintiff contends that this state's public policy is violated by allowing State Farm to limit its liability under the underinsured motorist provisions of the two policies to an aggregate of $100,000. In support of this argument, the plaintiff cites *Roberts v. Northland Insurance Co.*, 185 Ill. 2d 262, 705 N.E.2d 762 (1998).

In *Roberts*, the plaintiff was covered by two underinsured motorist policies issued by different companies, both of which sought to set off the insured's coverage by the full amount of workers' compensation received by the insured. Our supreme court, ruling in favor of the plaintiff, held that only the primary insurer was entitled to deduct from its coverage the full amount of workers' compensation benefits. Any remaining setoff could be applied to the excess insurer's coverage. The court distinguished *Chester* and *Obenland* by noting that the purpose of the workers' compensation setoff was to simulate the reimbursement required by the Workers' Compensation Act (805 ILCS 305/5(b) (West 1992)). Thus, the court explained, the workers' compensation setoff implicated different considerations than setoffs for amounts received from a tortfeasor's liability insurance. *Roberts*, 185 Ill. 2d at 270, 705 N.E.2d at 766.

Unlike *Roberts*, the deductions applied against the underinsured motorist coverage limits in this case involved no more than an interpretation of contracts of insurance. The public policy of this state does not require that courts invalidate clearly written policy language simply to avoid disappointment to the insured. *Menke v. Country Mutual Insurance Co.*, 78 Ill. 2d 420, 401 N.E.2d 539 (1980). State Farm's underinsured motorist policies contained "limits of liability" provisions that tracked the language of section 143a—2(4) of the Code. Each policy clearly and unambiguously allowed a deduction for the full amount paid by the underinsured motorist. Therefore, the trial court did not err in concluding that State Farm was entitled to reduce the underinsured motorist coverage payable under each policy by $50,000.

## CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Will County.

Affirmed.

BRESLIN and LYTTON, JJ., concur.