ROBERT DOYLE, Indiv. and as Guardian of the Estate of Derek Doyle, a Minor, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—01—0995

Opinion filed August 8, 2002.—Rehearing denied September 18, 2002.

Philip M. O'Donnell (argued), of Kingery, Durree, Wakeman & Ryan, Associates, for appellant.

Babette L. Brennan (argued), of Brennan & Brennan, of Quincy, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Claiming that he was entitled to underinsured motorist (UIM) benefits under two separate policies of insurance, plaintiff Robert Doyle filed this declaratory judgment action against defendant State Farm Mutual Automobile Insurance Company on behalf of his son Derek. The trial court granted State Farm's motion for a judgment on the pleadings, and we concur with its determination that the language of the policies was unambiguous and did not allow for the proration of UIM benefits to reach the highest limit of liability of any one policy.

## FACTS

In February of 1999, Derek was seriously injured when he was struck by a motor vehicle while walking. The driver of the vehicle was insured by Allstate Insurance under a policy that contained only a $25,000-per-person bodily liability limit. Robert alleged that the value of his claims exceeded $130,000. Fortunately, Robert and Derek were insured by State Farm under two identical personal automobile policies, which were paid for by separate premiums, and each had $100,000 in underinsured motorist coverage. The policies stated:

"1. If the *insured* sustains *bodily injury* as a pedestrian and other underinsured motor vehicle coverage issued by us or any other insurer applies:

a. the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability[.]

\* \* \*

5. The most we will pay any one *insured* is the lesser of:

a. the difference between the 'each person' limit of this coverage and the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury* caused by an *underinsured motor vehicle.*" (Emphasis in original.)

With State Farm's consent, Allstate tendered its policy limit of $25,000. Robert made a demand to State Farm that it pay $100,000 pursuant to the terms of its policies to cover the remainder of Derek's damages. State Farm refused, claiming that its maximum exposure under the UIM policies was $75,000.

## ANALYSIS

■ The issue on appeal is whether the trial court properly determined that the maximum UIM benefits State Farm was required to pay is $75,000. We review the trial court's interpretation of an insurance contract *de novo. Whiting v. Prestige Casualty Co.*, 238 Ill. App. 3d 376, 606 N.E.2d 397 (1992).

Robert claims that the language of paragraph 1a, which states that "the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability," allows him to collect a total of $100,000 in UIM benefits because that is the highest limit of liability under any one policy. He argues that he can receive this sum using the aggregate of the two policies ($50,000 per policy). Robert denies that he is attempting to "stack" the policies, but claims that section 143a—2(5) of the Illinois Insurance Code (Code) (215 ILCS 5/143a—2(5) (West 2000)) and applicable case law support his position. Finally, Robert contends that State Farm's inconsistent application of the policy language in another case demonstrates that the policy language is ambiguous and, therefore, the policy should be construed in his favor.

■ When construing the language of an insurance policy, courts must ascertain and give effect to the intention of the parties as expressed in their agreement. *Kapinus v. State Farm Mutual Automobile Insurance Co.*, 317 Ill. App. 3d 185, 738 N.E.2d 1003 (2000). The terms utilized in the policy are accorded their plain and ordinary meaning, and those terms will be applied unless such application contravenes public policy. *Kapinus*, 317 Ill. App. 3d at 187,

738 N.E.2d at 1005. If the policy language is unambiguous, courts will determine the parties' intent directly from the language without resorting to rules of construction. *American Family Mutual Insurance Co. v. Martin*, 312 Ill. App. 3d 829, 728 N.E.2d 115 (2000). If an ambiguity exists, courts will adopt a liberal construction of the language used in favor of the insured, while the policy will be construed strictly and strongly against the insurer. *Yates v. Farmers Automobile Insurance Ass'n*, 311 Ill. App. 3d 797, 724 N.E.2d 1042 (2000).

■ In our view, the policy language is unambiguous. It provides that the most State Farm is required to pay in UIM benefits is the highest limit of liability of any one policy minus the amount paid by the party legally responsible for the injury. In this case, the highest limit of liability of any one policy is $100,000. The amount recovered by the party legally responsible for the injury is $25,000. Thus, the most State Farm is required to pay in UIM benefits is $100,000 minus $25,000, or $75,000.

Robert presents a unique argument that we should interpret paragraph 1a of the contract so that UIM benefits are prorated between the two policies to reach the highest limit of liability of any one policy. He claims that he is not attempting to "stack" the policies, but we disagree. Paragraph 1a does not provide for the procedure suggested by Robert. He could only reach the benefits of the two policies if the policies are stacked. While he is not claiming $200,000 under the two policies, he is still "stacking" the policies to obtain the $100,000 he believes he is entitled to. Stacking by any other name is still stacking.

Although we find no cases that address the precise language of the contract in this case, similar language has been found by other courts to prohibit the stacking of policies. See, *e.g.*, *Grzeszczak v. Illinois Farmers Insurance Co.*, 168 Ill. 2d 216, 221, 659 N.E.2d 952 (1995) (determining that the phrase "shall not exceed the highest applicable limit of liability under any one policy" was unambiguous and allowed a plaintiff to recover up to the highest limit available under one of the policies only); *American Family Mutual Insurance Co. v. Martin*, 312 Ill. App. 3d 829, 831, 728 N.E.2d 118 (2000) (finding that the phrase "under all policies issued to you by us shall not exceed the highest limit of liability under any one policy" was unambiguous and provided that the insured could not stack underinsured motorist coverages of multiple policies).

Robert contends that section 143a—2(5) of the Illinois Insurance Code (Code) (215 ILCS 5/143a—2(5) (West 2000)) bolsters his claim that he is entitled to receive $100,000 in benefits under paragraph 1a of the contract. Section 143a—2(5) states:

"Nothing herein shall prohibit an insurer from setting forth policy terms and conditions which provide that if the insured has coverage available under this Section under more than one policy or provision of coverage, any recovery or benefits may be equal to, but may not exceed, the higher of the applicable limits of the respective coverage, and the limits of liability under this Section shall not be increased because of multiple motor vehicles covered under the same policy of insurance." 215 ILCS 5/143a—2(5) (West 2000).

This appears to be nothing more than a legislative decree that stacking can be prohibited in insurance policies. Thus, based on a plain reading of section 143a—2(5), we do not find any support for Robert's assertion.

Robert cites *Hall v. Burger*, 277 Ill. App. 3d 757, 660 N.E.2d 1328 (1996), in support of his contention that he is allowed to recover UIM benefits under both policies to reach the highest limit of liability of any one policy. To the contrary, we believe *Hall* represents the opposite position. The *Hall* court determined that an antistacking clause in an insurance policy, which stated that " '[i]f this policy and any other vehicle insurance policy issued to you by this Company apply to the same accident, the maximum limit of our liability under all the policies will not exceed the highest applicable limit of liability under any one policy,' " (emphasis omitted) was unambiguous and applied in a situation where the insured sued both the owner and operator of the underinsured vehicle. *Hall*, 277 Ill. App. 3d at 762, 660 N.E.2d at 1332. The court, citing to section 143a—2(5), held that public policy did not prevent the application of antistacking clauses. *Hall*, 277 Ill. App. 3d at 762, 660 N.E.2d at 1332.

Finally, Robert cites to this court's prior decision in *Kapinus v. State Farm Mutual Automobile Insurance Co.*, 317 Ill. App. 3d at 186, 738 N.E.2d at 1004, in which State Farm agreed to stack two UIM policies with the same language as in this case to provide for the recovery of benefits under the aggregate of both. Because State Farm allowed the policies to be stacked in that case, Robert claims that the inconsistent application demonstrates the language of the policy here is ambiguous. Thus, he claims that the policy should be construed in his favor. Notwithstanding Robert's argument, we find *Kapinus* inapplicable because stacking was agreed to by State Farm. It was not an issue in that case. See *Kapinus*, 317 Ill. App. 3d at 187, 738 N.E.2d at 1005 (considering whether an insured, who had multiple UIM policies, was allowed a setoff for amounts paid by the legally responsible party against one of the policies only).

Accordingly, we determine that the trial court did not err when it determined that Robert was entitled to receive a maximum of $75,000 in UIM benefits. Thus, we affirm.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

LYTTON, P.J., and HOLDRIDGE, J., concur.