# Illinois Official Reports

## Appellate Court

---

### *Acuity v. Decker*, 2015 IL App (2d) 150192

---

| | |
|---|---|
| Appellate Court Caption | ACUITY, Plaintiff-Appellant, v. DONALD DECKER, Defendant-Appellee (Groot Industries, Inc., Defendant). |
| District & No. | Second District<br>Docket No. 2-15-0192 |
| Filed | December 23, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 14-MR-1236; the Hon. Thomas M. Schippers, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Bradley A. Bertkau and Jason Orleans, both of Chilton, Yambert & Porter LLP, of Waukegan, for appellant.<br><br>Thomas D. Campe, Jr., of Linn, Campe & Rizzo Ltd., of Waukegan, for appellee. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant Donald Decker suffered personal injuries from an automobile accident while working for his employer, defendant Groot Industries, Inc. (Groot).[1] Decker received workers' compensation benefits from plaintiff, Acuity, which was Groot's insurance carrier. Decker settled his claim against USAA, the insurer for Carol Hunter, the third-party tortfeasor, for the full policy limit, and Decker paid Acuity the portion of that settlement required for satisfaction of the workers' compensation lien. Decker filed an underinsured motorist (UIM) claim with Acuity, which was Groot's automobile insurance carrier. Acuity filed a declaratory judgment action against Decker and Groot, contending that it was entitled to a set off for the entire amount it paid to Decker on the workers' compensation claim, plus the entire amount that Decker received from USAA, and that certain elements of loss for which Decker had been compensated through workers' compensation were precluded under Groot's automobile insurance policy. The parties filed cross-motions for summary judgment. Acuity's motion was denied, but Decker's was granted. We affirm for the following reasons.

¶ 2                                    I. BACKGROUND

¶ 3        The facts are undisputed. While working as a truck driver on March 19, 2012, Decker was involved in a motor vehicle collision with Hunter. Hunter was responsible for the accident. Decker settled his claim with USAA for the full policy limit of $50,000.

¶ 4        On his workers' compensation claim, Acuity paid Decker $350,942. Decker paid Acuity $37,067.48 from the USAA settlement as satisfaction of the workers' compensation lien. See 820 ILCS 305/5(b) (West 2014). Decker then submitted a claim for UIM compensation under Groot's automobile insurance policy, which provided for $2 million in UIM coverage.

¶ 5        In its declaratory judgment complaint, Acuity sought a judgment that the UIM coverage from which Decker sought compensation precluded certain elements of loss for which Decker had already been compensated. Acuity contended that Decker was not allowed to make a claim for lost wages, past medical expenses, and future medical expenses on his UIM claim. Acuity also contended that it was entitled to a set off for the full settlement that Decker received from USAA, including the $37,067.48 Decker paid Acuity from the settlement, plus the full amount paid for the workers' compensation claim. Acuity sought a total set off of $400,942. Acuity moved for summary judgment.

¶ 6        In his cross-motion, Decker responded that Acuity should get a set off for the amount paid by USAA and for the amount paid by Acuity on the workers' compensation claim, less the amount it was paid back. Decker pointed out that Acuity paid $350,942 on the workers' compensation claim and that USAA paid $50,000. Decker argued that, if Acuity had not been reimbursed by Decker, then Acuity would receive a set off for the full amount paid on the workers' compensation claim and the full amount of the settlement with USAA. However,

_____

[1]The trial court voluntarily dismissed Groot from this case pursuant to Groot's stipulation to be bound by the coverage findings made by the courts.

because Acuity was reimbursed $37,067.48, it should not be able to claim a set off for the full $50,000, as this would amount to a double set off. Under Decker's position, Acuity would be entitled to a set off for only $363,874.52 ($350,942 paid in workers' compensation benefits, plus the $50,000 settlement from USAA minus the $37,067.48 reimbursed to Acuity). Further, when the case went to arbitration on the UIM claim, Decker argued, he could seek damages for all elements of loss, subject to the set off.

¶ 7　　The trial court denied Acuity's summary judgment motion and granted Decker's motion. The court found that (a) Decker was allowed to present all elements of loss in his UIM claim, even though he had already been compensated for certain elements through workers' compensation, and (b) Acuity was not entitled to a set off for the full settlement with USAA, because Decker was statutorily required to pay 75% of the settlement toward the workers' compensation lien. The trial court concluded that the total set off that Acuity was entitled to was $363,874.52. Acuity timely appeals from the denial of its motion for summary judgment and the granting of Decker's motion.

¶ 8　　　　　　　　　　　　II. ANALYSIS

¶ 9　　　　　　　　　　　A. Standard of Review

¶ 10　　Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits show that there is no issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2014); *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Our review of the trial court's grant of summary judgment is *de novo*. Also, the construction of an insurance policy is a question of law, which we review *de novo*. *Burcham v. West Bend Mutual Insurance Co.*, 2011 IL App (2d) 101035, ¶ 10.

¶ 11　　We construe an insurance policy by ascertaining and giving effect to the parties' intent, as expressed in the policy language. *West American Insurance Co. v. Yorkville National Bank*, 238 Ill. 2d 177, 184 (2010). We give unambiguous words in the policy their plain, ordinary, and popular meanings. *Id*. We will read narrowly a policy provision purporting to exclude or limit coverage and apply it only where its terms are clear, definite, and specific. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 393 (2005). Where such a provision is ambiguous, it will be construed liberally in favor of coverage. *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 433 (2010).

¶ 12　　Groot's automobile insurance policy contains an "Illinois Uninsured and Underinsured Motorists Coverage" endorsement. Pertinent to the present case is paragraph 4b of the endorsement, which pertains to the UIM coverage limit for bodily injury. Paragraph 4b(5) states: "No one will be entitled to receive duplicate payments for the same elements of *loss* under this Coverage Form or any Liability Coverage Form." (Emphasis in original.) Paragraph 4b(3) provides:

> "Except in the event of a *settlement agreement*, the Limit of Insurance for this [UIM] coverage shall be reduced by all sums paid or payable:
>
>> (a) By or for anyone who is legally responsible, including all sums paid under this Coverage Form's Liability Coverage.

(b) Under any workers' compensation, disability benefits or similar law. However, the Limit of Insurance for this coverage shall not be reduced by any sums paid or payable under Social Security disability benefits.

(c) Under any automobile medical payments coverage." (Emphasis in original.)

¶ 13                                    1. Set Off Amount

¶ 14    Acuity first argues that the trial court erred in reducing the UIM set off by the $37,067.48 that Decker paid Acuity for the workers' compensation lien. Acuity argues that the set off should include the entire $50,000 paid by USAA, notwithstanding Decker's payment to Acuity.

¶ 15    Section 143a-2(4) of the Illinois Insurance Code provides: "The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts *actually recovered* under the applicable bodily injury insurance policies, bonds or other security maintained on the underinsured motor vehicle." (Emphasis added.) 215 ILCS 5/143a-2(4) (West 2014). The Illinois Supreme Court has noted that the underlying purpose of UIM coverage is to " 'place the insured in the same position he would have occupied if the tortfeasor had carried adequate insurance.' " *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 69 (2011) (quoting *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555 (1992)). Thus, it is evident that UIM coverage was not designed to give either the injured party or the insurer a windfall.

¶ 16    Here, if we were to adopt Acuity's position, Acuity would be allowed to count the $37,067.48 twice as part of the "sums paid" under Acuity's UIM policy or the "amounts actually recovered" under the statute. When the $37,067.48 was paid for the workers' compensation lien, that amount was no longer part of Decker's workers' compensation award, *i.e.*, it was no longer a sum paid on the workers' compensation claim, or an amount Decker actually recovered.

¶ 17    This holding is supported by the reasoning in *Berrey v. Travelers Indemnity Co. of America*, 770 F.3d 591 (7th Cir. 2014), and *Roberts v. Northland Insurance Co.*, 291 Ill. App. 3d 727 (1997), *rev'd on other grounds*, 185 Ill. 2d 262 (1998). In *Berrey*, the plaintiff was injured in a car accident at work. The at-fault driver carried liability insurance, but the cost of the plaintiff's injuries exceeded the $100,000 insurance policy limit. The plaintiff received partial compensation under her employer's workers' compensation scheme but, because her employer was not legally responsible for the accident, the workers' compensation carrier had a lien on any recovery the plaintiff received from the at-fault driver. The at-fault driver's insurance carrier paid the policy limit directly to the workers' compensation carrier to satisfy the workers' compensation lien. At arbitration, the arbitrator found that the plaintiff's case had a total value of $310,000. *Berrey*, 770 F.3d at 593.

¶ 18    The defendant-insurer provided UIM coverage to the plaintiff's employer. The defendant paid the plaintiff $210,000, the difference between her total calculated damages of $310,000 and the at-fault driver's policy limit of $100,000. The plaintiff claimed that the defendant improperly deducted the at-fault driver's insurance carrier's payment from the total the defendant owed to the plaintiff, because that payment was made directly to the workers' compensation carrier rather than to the plaintiff herself. She argued that the language of the UIM policy precluded such a deduction. *Id.* at 594.

- 4 -

¶ 19     The court held that the defendant should receive a credit for the amount the at-fault driver's carrier paid directly to the plaintiff's workers' compensation carrier. What the court did not do was credit the defendant for the amount paid directly to the workers' compensation carrier *and* the amount paid to the plaintiff by the workers' compensation carrier, which is what Acuity seeks here.

¶ 20     In *Berrey*, the plaintiff attempted to recover the full amount of her damages from the defendant in addition to what she received from her workers' compensation carrier. This would have given the plaintiff an impermissible double recovery. *Id.* at 598. Here, we are presented with the other side of the same coin. Allowing Acuity to set off the amount that Decker received from Acuity plus the amount that Decker paid back to Acuity would deny Decker full compensation for his damages and give Acuity a windfall.

¶ 21     In *Roberts*, the Third District Appellate Court considered whether the UIM carrier should get credit for the $50,000 paid by the at-fault driver's insurance carrier, which payment had been applied to the plaintiff's workers' compensation lien. The *Roberts* court concluded:

> "We find that the court properly reasoned a carrier may not claim a setoff that is greater than the amount actually received by plaintiff. Here, plaintiff did not actually recover the $50,000 from [the at-fault driver's carrier]. Instead, the $50,000 was applied in part to his attorney fees and the remaining amount to his workers' compensation carrier pursuant to its statutory lien. Therefore, we find that the court did not err in denying a setoff of the $50,000 paid by [the at-fault driver's carrier]." *Roberts*, 291 Ill. App. 3d at 731.

¶ 22     In *Roberts*, the amount paid directly to the workers' compensation carrier was not included in the set off amount. That result applies here. Acuity is claiming a double set off; it is claiming a set off for the full $50,000 paid by USAA, even though $37,067.48 was reimbursed to Acuity. The $400,942 set off suggested by Acuity is $37,067.48 greater than the amount Decker actually received. Accordingly, the trial court did not err in finding that the set off should not include the $37,067.48 reimbursement.

¶ 23     Acuity takes issue with any reduction in the $50,000. In actuality, the full $50,000 is being set off. The reduction comes in the amount reimbursed to Acuity. When Acuity received $37,067.48 from Decker, it no longer had paid, nor had Decker received, that $37,067.48. In *Berrey*, *Roberts*, and the present case, the underlying purpose of UIM coverage has been fulfilled. Each insured was placed in the same position he or she would have occupied had the tortfeasor carried adequate insurance. See *Phoenix Insurance*, 242 Ill. 2d at 69.

¶ 24                              2. Elements of Loss

¶ 25     Acuity, relying on our opinion in *Burcham v. West Bend Mutual Insurance Co.*, 2011 IL App (2d) 101035, contends that the trial court erred in allowing Decker to recover for the same elements of loss that were compensated by workers' compensation benefits. Acuity's reliance is misplaced.

¶ 26     In *Burcham*, we interpreted an uninsured motorist (UM) policy provision that excluded payment for any element of loss where the person is entitled to receive workers' compensation for the same element of loss. That provision stated:

> " 'No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form, Medical Payments

Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

*** 

*We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.*' " (Emphasis in original.) *Id.* ¶ 5.

¶ 27    Here, unlike in *Burcham*, we are considering a UIM policy provision that states that "[n]o one will be entitled to receive duplicate payments for the same elements of loss under this Coverage Form and any Liability Coverage Form." If workers' compensation were treated under the Acuity policy as a "Liability Coverage Form," then the *Burcham* holding interpreting " 'element[s] of "loss" ' " (*id.*) as categories of loss rather than dollar amounts of loss would apply. However, the trial court found that Acuity's policy does not treat workers' compensation as an element of loss under a "Liability Coverage Form." We agree with the trial court's conclusion.

¶ 28    In arriving at this conclusion, the trial court looked to Black's Law Dictionary and the supreme court's decision in *Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155 (1991), for guidance. However, we need look no further than the Acuity policy itself. See *West American Insurance*, 238 Ill. 2d at 184.

¶ 29    The UM provision in *Burcham* stated that "[n]o one will be entitled to receive duplicate payments for the same elements of 'loss' under this Coverage Form and any Liability Coverage Form" and that "[w]e will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any workers' compensation, disability benefits or similar law." (Emphasis and internal quotation marks omitted.) *Burcham*, 2011 IL App (2d) 101035, ¶ 5. Clearly, the UM provision separated workers' compensation payments from any liability coverage when it provided that duplicate payments for the same elements of loss would not be made. In the UIM provision here, Acuity likewise could have specifically included workers' compensation in the "elements of loss" clause, but it did not. The provision's language thus indicates that it does not prohibit recovery for "elements of loss" that might also be covered by workers' compensation.

¶ 30    Under the UIM provision, any workers' compensation payments result in a set off. To read the policy as Acuity argues would render the workers' compensation set off utterly meaningless. If all elements of loss covered by workers' compensation were excluded from coverage, there would never be anything to set off.

¶ 31    This holding comports with the public policy underlying UIM coverage. As we noted in *Burcham*: "The purpose of underinsured coverage is to put the insured in the same position he or she would have occupied had the at-fault vehicle carried liability coverage in the same amount as selected by the insured in his or her underinsured motor vehicle policy ***." (Internal quotation marks omitted.) *Id.* ¶ 31.

¶ 32                                    III. CONCLUSION

¶ 33    For the preceding reasons, we conclude that Decker should be allowed to present all elements of loss in the UIM arbitration, including those elements paid through workers' compensation. However, those elements will be subject to the set off for the amount Decker actually recovered on his workers' compensation claim and on his claim against Hunter. That

set off will total $363,874.52. Accordingly, we affirm the judgment of the circuit court of Lake County denying Acuity's motion for summary judgment and granting Decker's motion.

¶ 34          Affirmed.