**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220485-U

Order filed October 13, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| | ) | Appeal No. 3-22-0485 |
| v. | ) | Circuit No. 22-MR-11 |
| | ) | |
| CHRISTOPHER LAGRO, | ) | The Honorable |
| | ) | Anne Therieau Hayes, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Peterson and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: Trial court properly granted motion for judgment on the pleadings to injured party who sought setoff amount equal to what he was paid by workers' compensation insurer and tortfeasor's insurer in underinsured motorist claim against his employer where employer's insurer filed declaratory judgment action seeking determination of setoff amount.

¶ 2     Defendant Christopher Lagro was injured when he was hit by another vehicle while driving a vehicle owned by his employer, LTL Building Maintenance, Inc. (LTL). The other driver was at fault, and that driver's insurer paid Lagro $25,000, the limit of the driver's automobile insurance

policy. Lagro filed a workers' compensation claim against LTL. Thereafter, Westfield Insurance Company, LTL's insurer, filed a declaratory judgment action seeking, in part, a determination of the setoff it was entitled to for Lagro's underinsured motorist (UIM) coverage claim. After Lagro settled his workers' compensation claim, Westfield and Lagro both filed motions for judgment on the pleadings. The trial court denied Westfield's motion and granted Lagro's motion, finding that Westfield was entitled to a setoff of $101,093.33. Westfield appeals, and we affirm.

¶ 3                                    BACKGROUND

¶ 4        On April 5, 2018, defendant Christopher Lagro was injured when the van he was driving for his employer, LTL, was struck by a vehicle driven by Arthur Weingartner. Weingartner was at fault and had a Nationwide automobile insurance policy with a policy limit of $25,000.

¶ 5        On May 10, 2018, Lagro filed a petition for workers' compensation benefits for the injuries he sustained on April 5, 2018. Shortly thereafter, Lagro began receiving workers' compensation benefits. LTL had a workers' compensation policy with Berkley Net, a/k/a/ StarNet Insurance Company. LTL also had a commercial package policy with Westfield Insurance Company that provided UIM coverage of up to $1,000,000. Section D of that policy provided in pertinent part:

"D. Limit Of Insurance

1. *** [T]he most we will pay for all damages resulting from any one 'accident' is the Limit of Insurance for Underinsured Motorists Coverage shown in this endorsement.

2. Except in the event of a 'settlement agreement,' the Limit Of Insurance for this coverage shall be reduced by all sums paid or payable:

a. By anyone who is legally responsible, including all sums paid under this Coverage Form's Covered Autos Liability Coverage.

2

b. Under any workers' compensation, disability benefits or similar law.

*** 

4. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage form."

¶ 6        On May 1, 2019, Lagro received $25,000 from Nationwide for the injuries Weingartner caused Lagro on April 5, 2018. Lagro signed a release in favor of Nationwide and Weingartner in exchange for the $25,000 payment.

¶ 7        On January 4, 2022, Westfield filed a complaint for declaratory judgment against Lagro. Westfield sought a judgment (1) declaring that Lagro owes duties to cooperate and not act arbitrarily in attempting to obtain a settlement with LTL for workers' compensation benefits; (2) declaring the amounts Westfield is entitled to setoff from its obligation to Lagro; (3) granting other just relief; and (4) awarding Westfield costs.

¶ 8        On June 13, 2022, Westfield filed a motion for judgment on the pleadings. Attached thereto was a settlement order from the Illinois Workers' Compensation Commission entered on May 2, 2022, pursuant to which LTL and StarNet agreed to pay Lagro a lump sum of $45,000, in addition to already-paid workers' compensation benefits of $31,093,33. The lump sum was reduced by attorney fees of $9,000 and medical record fees of $271.51, leaving a net total of $35,728.49. Westfield sought a declaration that it owed $9,271.51 to Lagro to "fill the gap" between his total damages and the amount he received from LTL's workers' compensation insurer and Weingartner's auto insurer.

¶ 9        Lagro responded to Westfield's motion for judgment on the pleadings, asking the court to deny the motion and declare the appropriate setoff amount Westfield was entitled to as $101,093.33, consisting of the auto policy payments and workers' compensation benefits he

received. Thereafter, Lagro filed a motion for judgment on the pleadings seeking a declaration that the appropriate setoff to be applied against any recovery he obtained through arbitration is $101,093.33. Westfield filed a response, asserting that it was premature to determine the setoff amount because Lagro's damages had not yet been determined.

¶ 10        On October 24, 2022, the circuit court entered an order granting defendant's motion for judgment on the pleadings. The court ruled that whether Lagro owed duties to Westfield to cooperate and to not act arbitrarily in connection with settlement negotiations with LTL on his workers' compensation benefits claim was moot because Lagro settled his workers' compensation claim. The court further declared the appropriate setoff amount to be $101,093.33. Thereafter, Westfield filed a motion for reconsideration and clarification. On November 10, 2022, the circuit court entered an order denying Westfield's motion. The court also stated: "The Court's order of October 24, 2022 concludes the case and is a final order."

¶ 11                                             ANALYSIS

¶ 12        Westfield argues that the trial court erred in granting judgment on the pleadings to Lagro in Westfield's declaratory judgment action because (1) the ruling is premature because the parties have not yet participated in arbitration proceedings to determine Lagro's damages, and (2) the court did not properly dispose of all matters raised in the declaratory judgment action.

¶ 13                                                 I

¶ 14        "The central purpose of declaratory relief is to allow the court to address a controversy one step sooner than normal after a dispute has arisen, but before the parties take steps that would give rise to a claim for damages or other relief. *Universal Underwriters Insurance Co. v. Judge & James, Ltd.*, 372 Ill. App. 3d 372, 379 (2007). "[A] declaratory judgment has the force of a final judgment with respect to the rights of the parties subject to that judgment." *Id*. at 380.

4

¶ 15    Declaratory relief may be sought only when there is an "actual controversy." *Auto-Owners Insurance Co. v. Milwaukee Mutual Insurance Co.*, 165 Ill. App. 3d 734, 736 (1987). This "requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on a mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375 (1977). The case must "present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." *Id.* If a request for declaratory relief fails to show that a controversy exists, or if the question involved is moot, the suit should be dismissed. *Clyde Savings & Loan Ass'n v. May Department Stores*, 100 Ill. App. 3d 189, 192 (1981).

¶ 16    Declaratory relief is available when it will resolve a claim in dispute. See *AG Farms, Inc. v. American Premier Underwriters, Inc.*, 296 Ill. App. 3d 684, 693 (1998). It is appropriate for an insured or insurer to file a declaratory judgment action seeking a declaration of the amount an uninsured/underinsured motorist insurer may deduct from its coverage before the insured's damages are determined by a court or arbitration panel. See *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 396-97 (2005); *Acuity v. Decker*, 2015 IL App (2d) 150192, ¶ 33; *Zdeb v. Allstate Insurance Co.*, 404 Ill. App. 3d 113, 124 (2010); *Kapinus v. State Farm Mutual Automobile Insurance Co.*, 317 Ill. App. 3d 185, 189 (2000).

¶ 17    "Any party may seasonably move for judgment on the pleadings." 735 ILCS 5/2–615(e) (West 2020). "Judgment on the pleadings is proper when the pleadings disclose no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Gillen,* 215 Ill. 2d at 385. When parties file cross-motions for judgment on the pleadings, they acknowledge

that only a question of law is involved and invite the court to decide the issues. *Illinois Emcasco Insurance Co. v. Tufano*, 2016 IL App (1st) 151196, ¶ 17.

¶ 18 A party moving for judgment on the pleadings concedes the truth of the well-pleaded facts in the nonmovant's pleadings. *Allstate Property and Casualty Insurance Co. v. Trujillo*, 2014 IL App (1st) 123419, ¶ 16. The court must take as true all reasonable inferences from those facts but construe the evidence strictly against the movant and disregard any conclusory allegations and surplusage. *Id.* We review a court's order granting or denying a motion for judgment on the pleadings *de novo. Id.*

¶ 19 When multiple tortfeasors are involved, it is inappropriate for a court to grant judgment on the pleadings with respect to the appropriate setoff amount in a claim involving uninsured or underinsured motorist coverage prior to determining the amount of the plaintiff's damages to prevent a possible double recovery to the plaintiff. See *Trujillo*, 2014 IL App (1st) 123419, ¶ 44; *King v. Allstate Insurance Co.*, 269 Ill. App. 3d 190, 195 (1994). However, where only one tortfeasor is involved, it is appropriate for the trial court to determine as a question of law the amount of a setoff by granting an insurer or insured's motion for summary judgment or judgment on the pleadings before the insured's damages are determined. See *Acuity*, 2015 IL App (2d) 150192, ¶ 33; *Zdeb*, 404 Ill. App. 3d at 124; *Kapinus*, 317 Ill. App. 3d at 189; *State Farm Mutual Automobile Insurance Co. v. Murphy*, 263 Ill. App. 3d 100, 106-07 (1994).

¶ 20 The Illinois Insurance Code provides: "The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the underinsured motor vehicle." 215 ILCS 5/143a-2(4) (West 2020). The purpose of UIM coverage is to place the insured in substantially the same position he would have occupied if the

6

tortfeasor had adequate insurance. *Phoenix Insurance Co. v. Rosen,* 242 Ill. 2d 48, 69 (2011). UIM coverage is not designed to give either the injured party or the insurer a windfall. *Acuity*, 2015 IL App (2d) 150192, ¶ 15.

¶ 21    In *Acuity*, defendant Donald Decker was injured in an automobile accident while working for his employer, Groot Industries, Inc. *Id*. ¶ 1. Decker received workers' compensation benefits from Groot's insurance carrier, Acuity, and settled his claim against USAA, the insurer of the third-party tortfeasor, for the full policy limits. *Id*. Decker then filed a UIM claim against Acuity. *Id*. Acuity filed a declaratory judgment action against Decker and Groot, contending it was entitled to a setoff for the amount it paid to Decker on his workers' compensation claim, the amount Decker received from USAA, and further contending that certain losses were precluded under the UIM policy. *Id*. The parties filed cross-motions for summary judgment. *Id*. The circuit court granted Decker's motion and denied Acuity's, determining that Acuity was entitled to a setoff of $363,874.52. *Id*. ¶¶ 1, 7. The appellate court affirmed, holding that Decker should be allowed to present all elements of loss at the UIM arbitration but that the arbitration award would be subject to a setoff for the amount Decker received for his workers' compensation claim and his claim against the tortfeasor. *Id*. ¶ 33.

¶ 22    Here, Westfield filed a declaratory judgment action, asking the court, in part, to declare the amount it was entitled to setoff from any obligation it owed Lagro under the UIM policy. Thereafter, Westfield filed a motion for judgment on the pleadings with respect to that requested declaration, and Lagro filed a cross-motion for judgment on the pleadings. The trial court's order granting Lagro's motion and determining the amount of the setoff was proper because Lagro is seeking UIM coverage for an accident involving a single tortfeasor. See *Acuity*, 2015 IL App (2d) 150192, ¶ 33; *Zdeb*, 404 Ill. App. 3d at 124; *Kapinus*, 317 Ill. App. 3d at 189; *Murphy*, 263 Ill.

App. 3d at 106-07. Based on the language of the policy issued by Westfield, the trial court properly ruled that the proper setoff was the total of the amounts Lagro received from the workers' compensation insurer and Weingartner's insurer. See *Acuity*, 2015 IL App (2d) 150192, ¶ 33.

¶ 23                                                                                    II

¶ 24        Finally, Westfield argues that the trial court's order did not dispose of all the issues raised in its declaratory judgment action, including Lagro's duties to (1) cooperate in settlement negotiations with LTL with respect to Lagro's workers' compensation benefits, and (2) not act arbitrarily, capriciously or inconsistently with Westfield's reasonable expectations when participating in settlement negotiations with LTL.  We disagree with Westfield's contentions and agree with the circuit court's conclusion that Lagro's settlement with LTL's workers' compensation insurer rendered these issues moot.

¶ 25        An issue is moot where there remains no controversy between the parties. See *ChiCorp, Inc. v. Bower*, 336 Ill. App. 3d 132, 137 (2002). Once Lagro settled his claim with LTL for workers' compensation benefits, there were no longer any "settlement negotiations" between those parties. Thus, whatever duties that may have existed during such "settlement negotiations" was moot.

¶ 26        Additionally, once the circuit court determined the appropriate setoff amount, there was no longer a controversy between Lagro and Westfield necessitating declaratory judgment relief. It is well settled that an insured owes an insurer a duty to cooperate. See *Motorola Solutions, Inc. v. Zurich Insurance Co.*, 2017 IL App (1st) 161465, ¶ 23. Lagro never disputed that he owed duties to cooperate and act reasonably and admitted in his answer Westfield's declaratory judgment complaint that "an implied covenant of good faith and fair dealing exists in every contract." Therefore, there was no "concrete dispute" between the parties about the existence of Lagro's

8

duties to cooperate and act in good faith, making declaratory judgment inappropriate. See *Underground Contractors Ass'n*, 66 Ill. 2d at 375.

¶ 27 Nevertheless, Westfield argues that his requests for declarations regarding Lagro's duties "ha[ve] life" because Lagro "may" have breached those duties. However, Westfield's declaratory judgment complaint sought only declarations that Lagro owed certain duties. The complaint did not allege breach of any duty owed by Lagro. Therefore, any alleged breach was not before the circuit court and could not be ruled on in the declaratory judgment action. See *City of Quincy v. Sturhahn*, 18 Ill. 2d 604, 611 (1960) (in declaratory judgment action, court "adjudicates the issues raised by the pleadings"). Here, the circuit court disposed of all the disputed issues raised in Westfield's declaratory judgment action and, thus, rendered a final judgment. See *Lakeshore Centre Holdings, LLC v. LHC Loan, LLC*, 2019 IL App (1st) 180576, ¶ 15 (order that resolves all claims with respect to all parties is a final judgment).

¶ 28 CONCLUSION

¶ 29 The judgment of the circuit court of Du Page County is affirmed.

¶ 30 Affirmed.